1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTEO PLANCARTE,

11           Plaintiff,                    No. 2:11-cv-1993 DAD P

12       vs.

13   D. JORGE, et al.,                     ORDER AND

14           Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.   On October 24, 2012, defendants filed a motion to dismiss this action as a

18   sanction pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, to compel

19   deposition testimony and for monetary sanctions.   On January 20, 2012, the court advised

20   plaintiff of the requirements for opposing a motion pursuant to Rule 41 of the Federal Rules of

21   Civil Procedure.  See Order filed January 20, 2012 (ECF No. 20) at ¶ 8.  In that same order,

22   plaintiff was advised that failure to oppose such a motion might be deemed a waiver of

23   opposition to the motion.  Id.

24           On December 10, 2012, plaintiff was ordered to file an opposition or a statement

25   of non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

26   informed that failure to file an opposition would result in a recommendation that this action

1

1   be dismissed pursuant to Fed. R. Civ. P. 41(b).  By orders filed January 14, 2013 (ECF No. 44)

2   and April 5, 2013 (ECF No. 46), plaintiff was granted two thirty days extensions of time to file

3   his opposition.  The final thirty day period has now expired and plaintiff has still not filed an

4   opposition to the defendants' motion or responded further in any way.

5          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

6   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

7   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

8   court order the district court must weigh five factors including:  '(1) the public's interest in

9   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

11  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

12  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

13  F.3d 52, 53 (9th Cir. 1995).

14         In determining to recommend that this action be dismissed, the court has

15  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

16  support dismissal of this action.  The action has been pending for almost two years and has

17  passed the stage, set by the court's April 3, 2012 scheduling order, for completion of discovery

18  and filing of dispositive motions.  (See Scheduling Order (ECF No. 25) filed Apr. 3, 2012.)  The

19  court has already granted a motion to compel plaintiff's deposition testimony (see Order filed

20  Sept. 10, 2012 (ECF No. 30)), and has extended the time for discovery for the purposes of

21  completing plaintiff's deposition and, subsequently, filing a further motion to compel the

22  deposition.  (See Orders filed Sept. 10, 2012 (ECF No. 30) and Oct. 3, 2012 (ECF No. 32).)

23  Plaintiff's failure to comply with the Local Rules and this court's December 10, 2012 order

24  suggests that he has abandoned this action and that further time spent by the court thereon will

25  consume scarce judicial resources in addressing litigation which plaintiff demonstrates no

26  intention to pursue.

1    The fifth <u>Ferdik</u> factor also favors dismissal.  The court has advised plaintiff of

2    the requirements under the Local Rules and granted ample additional time to oppose the pending

3    motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

4    Under the circumstances of this case, the third factor, prejudice to defendants

5    from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

6    oppose the motion does not put defendants at any disadvantage in this action.  See <u>Ferdik</u>, 963

7    F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

8    continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition

9    of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the

10   reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third

11   factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

12   the general public policy favoring disposition of cases on their merits.  See <u>Ferdik</u>, 963 F.2d at

13   1263.

14   In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

15   Court is directed to assign this action to a United States District Judge; and

16   IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to

17   Federal Rule of Civil Procedure 41(b).

18   These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be filed and served within fourteen days after service of the objections.  The

24   /////

25   /////

26   /////

3

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: May 22, 2013.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7

8

9  DAD:12
   plan11cv1993.46fr

10

4